[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14784
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cv-00561-WKW-WC


CHARLES J. GREENE,

                                                      Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF REVENUE,
ALABAMA DEPARTMENT OF PUBLIC
HEALTH,
d.b.a. Children's Health Insurance Program,

                                                      Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(September 5, 2018)


Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Charles Greene, proceeding pro se, appeals the district court's dismissal of his amended complaint against his former employers, the Alabama Department of Revenue ("ADR") and the Alabama Department of Public Health ("ADPH"). In his complaint, Greene purported to assert a claim for employment retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 ("Title VII"). No reversible error has been shown; we affirm.

Greene alleged these facts in his complaint. Greene was employed by the ADPH from April 2003 to August 2014. During that time, Greene filed with the Equal Employment Opportunity Commission ("EEOC") three complaints against the ADPH for gender-based discrimination and for retaliation.

Then in August 2014, Greene left voluntarily his job at the ADPH to begin working at the ADR. In October 2014, Greene filed a fourth charge with the EEOC, alleging gender-based discrimination and retaliation against the ADPH.

The ADR terminated Greene's employment on 4 June 2015. Greene was told the reason he was fired was that he had removed improperly confidential documents from the premises: a reason Greene says was pretext for retaliation.

On 13 October 2015, Greene filed a charge of retaliation with the EEOC against the ADR and the ADPH. Greene alleged that the ADR terminated his

2

employment in retaliation for Greene having filed earlier EEOC charges against the ADPH.  The EEOC issued Greene notices of his right to sue.

Greene then filed this civil action, purporting to allege against both the ADR and the ADPH a claim for retaliation in violation of Title VII based on a single event: the termination of Greene's employment with the ADR.  About each defendant's involvement in the alleged retaliation, Greene contends that the ADR either retaliated against him "of its own volition" or was "influenced or persuaded" by the ADPH to terminate Greene's employment.  In the alternative, Greene also asserted that the ADR and the ADPH acted as a single integrated employer and, thus, shared in the decision to terminate Greene's employment.  The district court dismissed Greene's complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

We review de novo a district court's dismissal for failure to state a claim, accepting all properly alleged facts as true and construing them in the light most favorable to the plaintiff.  Butler v. Sheriff of Palm Beach Cnty., 685 F.3d 1261, 1265 (11th Cir. 2012).  We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In addition to containing well-pleaded factual allegations, a complaint must also meet the

"plausibility standard" set forth by the Supreme Court in Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007), and in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  Under that rule, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 129 S. Ct. at 1949 (quotations omitted).  To state a plausible claim for relief, a plaintiff must go beyond pleading merely the "sheer possibility" of unlawful activity by a defendant and must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In other words, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 127 S. Ct. at 1965.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 129 S. Ct. at 1949.  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Id. (quotations and alteration omitted).

To state a cause of action for retaliation under Title VII, Greene must allege (1) that he engaged in protected activity under Title VII, (2) that he suffered an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment decision.  See Shannon v. BellSouth Telecomms., Inc., 292 F.3d 712, 715 (11th Cir. 2002).  That Greene alleged

4

sufficiently the first two elements is undisputed; only the causation element is at issue on appeal.

"To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." Id. at 716.  A causal connection may be inferred when there is a close temporal proximity between the protected activity and the adverse action.  Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007).  "But mere temporal proximity, without more, must be 'very close.'"  Id.

The district court committed no error in dismissing Greene's complaint for failure to state a claim.  Accepting the allegations in the complaint as true and construing them in Greene's favor, Greene has failed to allege facts demonstrating plausibly a causal connection between his EEOC charges against the ADPH and the termination of his employment from the ADR.  In his complaint, Greene alleged that the ADR "knew" of his EEOC charges either because that information "was provided by [the ADPH], or, alternatively, was gained by [the ADR] through its own inquiry."

Greene, however, alleged no specific facts in support of his theory.  For instance, he identified no person at either the ADR or the ADPH who knew about his EEOC complaints.  Greene also provided no particulars about how or when

decision-makers at the ADR supposedly learned of his protected activities or were otherwise influenced or persuaded by persons at the ADPH to terminate Greene's employment. We also cannot infer a causal connection based solely on the timing of Greene's protected activity and the adverse employment act, given that nearly eight months elapsed between the filing of Greene's last EEOC charge in October 2014 and the termination of his employment in June 2015. See Thomas, 506 F.3d at 1364 (noting that three to four months between the protected activity and the adverse employment act is not enough, by itself, to establish a causal connection).

Without additional factual enhancement, Greene's "naked assertions" that the ADR "knew" about his EEOC charges or was otherwise "persuaded" or "influenced" by the ADPH to terminate Greene's employment is too speculative to state a plausible claim for retaliation against either defendant. See Iqbal, 129 S. Ct. at 1979.

AFFIRMED.

6